FILED

AUG - 7 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEIDY MARIA TIBURCIO, et al., )
)
        Plaintiffs, )
)
v. ) Civil Action No. **12 1301**
)
ROXBURY COMMUNITY )
HEALTH CENTER, et al., )
)
        Defendants.[1] )

## MEMORANDUM OPINION

For purposes of this Memorandum Opinion, the court consolidates six complaints that the plaintiff submitted to the Clerk of Court on July 11, 2012. Upon review of the plaintiff's applications to proceed *in forma pauperis* and each *pro se* civil complaint, the court will grant the application, and dismiss the complaints.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

---

[1]     The defendants named in the caption of the complaint are:

Department Policy with Professional Damage Me My Son My Family The United State [sic] of America for the State of Massachusett [sic] Roxbury Community Heit [sic] Cent [sic] for These 1 Family Conseling [sic] Magda Trujillo and Dr[.] Foley Supervisor Roxbury Community Healt [sic] Center[,] 435 Warren Street[,] Roxbury[,] MA, 02119.

The plaintiff alleges that defendants have administered "a[n] illegal toxic liquid substance" which is "burning . . . all [her] organs," causing "damage [to her] body," as well as "moderate pain." Compl. at 1. She accuses the defendants of "confabulating against [her] human rights" by causing the "crime [of] burning damage [to] all [her] organs." *Id.* To each complaint the plaintiff attaches multiple exhibits, none of which shed light on the claims she may intend to raise.

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed the plaintiff's complaints, the Court concludes that what factual contentions are identifiable are baseless and wholly incredible. For this reason, the complaints are frivolous and must be dismissed. *See* 28 U.S.C. § 1915A(b)(1).

An Order is issued separately.

_____
United States District Judge

DATE:
7/19/12